# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of:

The Use of a Cell-Site Simulator to Locate the Cellular Device Assigned Call Number (414) 732-4951

Case No. 19-MJ-1378

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A.

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:
  ☒ evidence of a crime;
  ☐ contraband, fruits of crime, or other items illegally possessed;
  ☐ property designed for use, intended for use, or used in committing a crime;
  ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, and Title 18, United States Code, Section 1951(a).

The application is based on these facts: See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration and U.S. Marshals Service.

☒ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Applicant's signature_

Philip T. Kovoor, Assistant United States Attorney
_Printed Name and Title_

Sworn to before me and signed in my presence:

Date: 12/17/19

_Judge's signature_

City and State: Milwaukee, Wisconsin

William E. Duffin, U.S. Magistrate Judge
_Printed Name and Title_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (414) 732-4951 | Case No. 19-MJ-1378 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Scott Keller, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (414) 732-4951 (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Deputy United States Marshal with the United States Marshals Service and, as such, am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a member of the United States Marshals Service for approximately 11 years, and I am currently assigned to the U.S. Marshals Fugitive Task Force. While assigned to the Fugitive Task Force, I have investigated numerous fugitive cases and have located fugitives utilizing electronic surveillance on cellular telephones.

3. In December 2008, I completed a 12-week training course at the Federal Law Enforcement Training Center located in Glynco, Georgia. In April 2009, I also completed the six-week Basic Deputy Course located at the U.S. Marshals Service Training Academy located

in Glynco, Georgia. I have had both formal training and have participated in several investigations that utilize various electronic surveillance techniques. These techniques have proven to be useful in locating individuals who are actively avoiding arrest.

4. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. Section 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because the user of the Target Cellular Device is known to spend most of his time in this district, as corroborated by the target's girlfriend, law enforcement surveillance, and electronic surveillance. There is also reason to believe the Target Cellular Device is currently located somewhere within this district because the telephone number area code associated with the Target Cellular Device corresponds to this district. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that Julion S. Griffin, also known as Jewel D. Griffin, has violated the laws of the United States as described below. There is also probable cause to believe that the Target Cellular Device's

locations will assist law enforcement in arresting Griffin, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

8. This affidavit is made in support of an application for an order which seeks authorization for the disclosure of the approximate position of a cellular telephone assigned telephone number (414) 732-4951. As discussed below, I believe cellular phone, (414) 732-4951, is being used by Julion S. Griffin, also known as Jewel D. Griffin, a fugitive from justice. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting Griffin who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

9. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

10. I am involved in a criminal investigation of a violation of the conditions of supervised release, in violation of Title 18, United States Code, Section 3148. On or about July 9, 2019, an indictment was filed against Julion S. Griffin, also known as Jewel D. Griffin—the subscriber of the Target Account—in Case No. 19-CR-124. In that indictment, the Grand Jury charged the defendant with violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

11. The defendant was arrested on an arrest warrant and arraigned on July 29, 2019. The defendant was temporarily detained. On July 31, 2019, the Court released the defendant with

conditions pending trial, over the objection of the United States. Those conditions required the defendant to appear in court as required, advise the court or pretrial services office or supervising officer in writing before making any change of residence or telephone number, submit to supervision by and report for supervision to the pretrial services office as directed, and submit to location monitoring as directed by the pretrial services office or supervising officer. In that order, the defendant was advised of the penalties for violating the conditions of release and signed an acknowledgment to that effect on July 30, 2019.

12. On October 10, 2019, the defendant advised the pretrial service officer of a residence change, but never provided an address. Later that day, the pretrial service officer received an alert that the defendant had cut off his location monitoring device. In response, the pretrial services officer attempted to contact the defendant multiple times with no response.

13. The United States District Court for the Eastern District of Wisconsin issued an arrest warrant for the defendant as a result of a violation of his release conditions on October 11, 2019.

14. The United States Marshals Service has been enlisted to locate and apprehend the defendant. As of today, the defendant's whereabouts remain unknown, and the arrest warrant remains unexecuted.

15. The Marshals Service has received information from the pretrial service office that Julion S. Griffin (DOB: 12/29/1990) uses an alias of Jewel D. Griffin, as reflected in the indictment. The Marshals Service conducted a reference check on the defendant, which included comparing Julion Griffin's booking photograph to the Wisconsin Department of Transportation's driver's license photograph of Jewel D. Griffin.

16.     The Marshals Service has conducted surveillance of locations associated with the defendant. On December 5, 2019, the U.S. Marshals Great Lakes Regional Fugitive Task Force in Milwaukee conducted a surveillance operation for the defendant. During the investigation, Deputy U.S. Marshal Brian Nodes learned that the defendant had a relationship with Kayla Smith (DOB: 09/04/1995) and identified a black 2009 Audi A6 bearing Wisconsin license plate AHE-7095 that was registered to her at 5270 North 91st Street, Unit 7 in Milwaukee, Wisconsin.

17.     On December 5, 2019, U.S. Marshals located that vehicle parked in a driveway in the vicinity of 101-107 West Meinecke Avenue in Milwaukee. Investigators later observed Griffin approaching the vehicle, open the driver's side door, and then reverse the vehicle into the street. Investigators approached the defendant, activated emergency lights and sirens, and attempted to conduct a positive vehicle containment, a law enforcement technique to stop and contain a vehicle in an effort to avoid a vehicle pursuit.

18.     Investigators made vehicle contact with the passenger door side of Griffin's vehicle, while two other law enforcement vehicles approached from the driver's side. Upon observing the law enforcement vehicles, the defendant placed his vehicle into drive and drove forward, breaking containment from law enforcement. The defendant then fled at a high rate of speed westbound on Meinecke Avenue. Investigators continued to follow the defendant with emergency lights and sirens activated. The defendant did not stop, but instead led investigators on a high-speed pursuit. Investigators continued for approximately 0.8 miles before terminating the pursuit. During that pursuit, the defendant disregarded four stop signs and reached speeds between 80 and 100 miles per hour.

19.     On December 6, 2019, Deputy Marshal Brian Nodes spoke with Kayla Smith, defendant's girlfriend. Smith provided investigators the cellular number (414) 732-4951 as the

number she utilizes to contact Griffin. Smith stated that she contacts Griffin from this number on a routine basis through phone calls and text messages. She stated that Griffin also calls her from the number and sends her text messages. Smith stated that she last had contact with Griffin from this number on December 6, 2019.

20. On December 6, 2019, (414) 732-4951 was run through Zetx and the cellular provider was confirmed as Sprint.

21. On December 6, 2019, the Honorable William Duffin issued an order authorizing the disclosure of location-based data for (414) 732-4951. Case agents began receiving data on December 7, 2019. The pen register tower data and precision location data both reflect that the phone is in the Milwaukee, Wisconsin area.

## **MANNER OF EXECUTION**

22. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

23. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the

signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's locations, even if they are located inside a house, apartment, or other building.

24. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

25. In my experience, this information can assist law enforcement in identifying the location of a fugitive or a "person to be arrested." In turn, this information will aid law enforcement in apprehending the defendant.

## **AUTHORIZATION REQUEST**

26. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

27. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

28. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

29. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____
Scott Keller
Deputy U.S. Marshal
UNITED STATES MARSHALS SERVICE

Subscribed and sworn to before me

On: 12/12/19

_____
WILLIAM DUFFIN
United States Magistrate Judge

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the locations of the cellular device assigned phone number (414) 732-4951, whose wireless provider is Sprint.

## ATTACHMENT B

Pursuant to an investigation of Julion S. Griffin, also known as Jewel D. Griffin, for a violation of supervised release and being a fugitive from justice, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the Target Cellular Device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the Target Cellular Device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

2